### Burnam Magee v. The State.

No. 3164. Decided June 10, 1914.

Rehearing denied June 26, 1914.

**1.—Rape—Age of Prosecutrix—Repetition.**

Upon trial of rape, there was no error in sustaining an objection to the question as to the witness's general understanding of prosecutrix's age, as the same would be but a repetition of testimony already admitted.

**2.—Same—Evidence—Cross-examination—Contradicting Witness.**

Where a defendant's witness who testified to the age of prosecutrix in cross-examination by the State was shown to have been in jail at the time for bootlegging and could not have had the conversation as to prosecutrix's age at the time he said he did, there was no error.

**3.—Same—Newly Discovered Evidence.**

Where the motion for new trial on the ground of newly discovered evidence is not sworn to by any person, and not supported by affidavit of the alleged witness or any other affidavit, there was no error in overruling same.

Appeal from the District Court of Montague.  Tried below before the Hon. R. H. Buck.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of rape on a girl under fifteen years of age and his punishment assessed at five years confinement in the State penitentiary.

There are but two bills of exceptions in the record, the first complaining that the court erred in not permitting counsel to ask the witness John Magee what was the understanding, rumor and general talk in the Blackburn family, as regards the girl's age.  In approving the bill the court says that the "witness had already testified fully and freely as to his knowledge from the understanding and general repute in the family, and that the girl would  be seventeen her next birthday, and the court sustained the objection on the ground that it would be but a repetition."  As thus qualified the bill presents no error.

The other bill complains that while cross-examining Elmer Cunningham the State was permitted to elicit from the witness that he had been in jail in Oklahoma charged with "boot-legging,"—a term sometimes used for illegally selling intoxicating liquor in prohibition territory. In approving the bill the court says:  "The witness having testified to a statement of Ethel Austin, as to her age, tending to show that she was over the age of consent at the time of the alleged offense, he stating that the time of said statement was in the summer time, for the purpose of showing that he was and could not have been present at the time and place of the alleged conversation with Ethel Austin as to her age, the State was permitted to ask him if he was in jail in Oklahoma serving a sentence for bootlegging during the months of June, July and August, 1911, the same summer in which he claimed to have heard the statement alleged to have been made by Ethel Austin."  Under such a state of facts the court did not err in admitting the testimony.

The only other matter presented by the record that need be mentioned is an allegation in the motion for new trial, it being the contention that "the defendant has learned that he can prove by the father of the girl that she was fifteen years of age on March 3rd prior to the date of the alleged offense.  This motion is sworn to by no person.  The affidavit of no person is attached to the motion that the father of the girl would so testify.  No reason is given why the affidavit of the father, if he would so testify, is not attached, and there being no affidavit of any person that the father would so testify, the court did not err in overruling the motion on this ground.

The judgment is affirmed.                                 *Affirmed.*

[Rehearing denied June 26, 1914.—Reporter.]